614 February 7, 2024 No. 80

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARION AMADOR DOUGLAS,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CR13862; A177836

Walter Randolph Miller, Jr., Judge.

Submitted January 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for attempted second-degree murder, first-degree assault, and menacing.[1] On appeal, he raises eight assignments of error in which he argues that the trial court should have *sua sponte* intervened to strike statements that the prosecutor made during closing argument. Because we conclude that the trial court plainly erred by not *sua sponte* intervening regarding assignments of error three and four, we need not address the remaining assignments.[2] We reverse and remand for a new trial.

In *State v. Chitwood*, the Supreme Court set out the steps for determining whether a prosecutor's closing argument amounts to reversible plain error. 370 Or 305, 518 P3d 903 (2022). First, the reviewing court considers the prosecutor's closing argument to determine whether the argument was improper. *Id.* at 314. Second, the court considers whether the statements were legally erroneous and so prejudicial that they deprived the defendant of a fair trial such that the trial court should have *sua sponte* intervened—that is, whether the error is plain. *Id.* at 317. Third, we must determine whether to exercise our discretion to correct the error. *Id.* at 322.

Here, the prosecutor made the following remarks during closing argument.

"And there's sometimes a—you know, a tendency to think, well, okay, so we didn't hear about [CS's] statement at the hospital. Like, we know he gave one 'cause they said he gave one, but we don't know what's in it.

"For the Rules of Evidence that we all have to follow, here's what I can tell you unequivocally: [Defense counsel] is an excellent and experienced lawyer. And if there were inconsistencies in that statement or something that he felt would benefit his client, you would've heard about it.

---

[1] The jury returned guilty verdicts on additional charges that were disposed of in the judgment without convictions because they merged with other verdicts.

[2] The court has concerns about several of the statements made by the prosecutor in closing argument, but we ultimately only discuss the statements below that arise in connection with defendant's third and fourth assignments of error.

"You can't speculate on things that aren't in front of
you. And then you also have to evaluate the evidence, as
His Honor said, dispassionately, right, fairly."

Defendant argues that those remarks were improper
because they implied that the rules of evidence prevented
the state from offering evidence that would have supported
the state's case, invited the jury to speculate about it, and
implied that defendant had a burden to present evidence of
his innocence.

We agree with defendant. The prosecutor's refer-
ence to a statement that was not admitted in evidence, and
invitation to the jury to infer that the contents of that state-
ment would not have benefitted defendant, were improper
argument. Further, those remarks were so prejudicial that
they deprived defendant of a fair trial. We exercise our dis-
cretion to correct the error because it is grave—such argu-
ments erode the protections of the rules of evidence and the
presumption of innocence. Consequently, we reverse and
remand for a new trial.

Reversed and remanded.